UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

MARK FULTZ, Individually,                :
                                         :
       Plaintiff,                        :
                                         :
vs.                                      :   Case No. 2:19-cv-00708-RMG
                                         :
FMH, L.P., a South Carolina Limited Partnership, :
                                         :
       Defendant.                        :
_____/

**FIRST AMENDED COMPLAINT**

Plaintiff MARK FULTZ, Individually, on his behalf and on behalf of all other mobility impaired individuals similarly situated (sometimes referred to as APlaintiff@), hereby sues the Defendant, FMH, L.P., a South Carolina Limited Partnership (sometimes referred to as ADefendant@), for Injunctive Relief, attorney=s fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. ' 12181 et seq. (AADA@).

1. Plaintiff, MARK FULTZ, is an individual residing in Margate, FL, in the County of Broward.

2. Defendant=s property, The Francis Marion Hotel, is located at 387 King Street, Charleston, South Carolina, in the County of Charleston.

3. Venue is properly located in the District of South Carolina because venue lies in the judicial district of the property situs. The Defendant=s property is located in and does business within this judicial district.

4. Pursuant to 28 U.S.C. ' 1331 and 28 U.S.C. ' 1343, this Court has been given original jurisdiction over actions which arise from the Defendant=s violations of Title III of the

Americans with Disabilities Act, 42 U.S.C. ' 12181 et seq. See also 28 U.S.C. ' 2201 and ' 2202.

5.     Plaintiff MARK FULTZ is a Florida resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Mr. Fultz suffered a stroke which resulted in paralysis, rendering the right side of his body immobile. He ambulates by means of a manual wheelchair and is able to walk short distances with the aid of a cane.

6.     Plaintiff Mark Fultz visits family in the Charleston area several times a year. He loves the area and is seriously thinking of moving there, as evidenced by his working relationship with real estate agent Barbara Walker, of Carolina One Real Estate.

7.     Mark Fultz has visited the subject property on September 30 through October 1, 2018, and has reservations to return to the property on November 27 through 29, 2019, and he desires to continue to stay at this historic hotel, when it is made accessible for his use. The Plaintiff has encountered architectural barriers at the subject property. The barriers to access at the property have endangered his safety.

8.     Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as The Francis Marion Hotel, and is located at 387 King Street, Charleston, South Carolina.

9.     MARK FULTZ has a realistic, credible, existing and continuing threat of discrimination from the Defendant=s non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 11 of this First Amended Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to

discrimination in violation of the ADA by the Defendant.  Mr. Fultz desires to visit the subject hotel not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

10.     The Defendant has discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. ' 12182 et seq.

11.     The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).  A preliminary inspection of The Francis Marion Hotel has shown that violations exist.  These violations that MARK FULTZ personally encountered, and which were verified by an ADA expert, include, but are not limited to:

   a. In the main entrance, there are no lowered counter sections, in violation of ADAAG Sections 902 and 904, which made checking into the hotel difficult for the Plaintiff.

   b. In the bar area, there is no lowered counter section, nor are there ADA compliant tables, in violation of Section 902 of the ADAAG, which made use of the bar area difficult for the Plaintiff.

In the accessible guest room provided to Plaintiff:

   c. The coat hook is mounted too high, in violation of Section 308 of the ADAAG.  This condition prevented the Plaintiff from accessing the coat hook from his wheelchair without assistance.

   d. Grab bars are not the required length, nor are they mounted properly in the toilet room, in violation of ADAAG 605, which made it difficult for Plaintiff to use.

3

    e.    There is no folding seat in roll-in accessible shower, in violation of ADAAG 608, which made it difficult and dangerous for Plaintiff to shower without assistance.

    f.    The roll-in shower provided fails to comply with the ADAAG Standards 806, 608.2.2 and 608.2.3, which makes Plaintiff's use of the shower difficult without assistance.

    g.    There is no proper shower cord, in violation of ADAAG 608, which makes it difficult for Plaintiff to use.

    h.    The light fixtures require tight grasping and pinching of the wrist to operate, in violation of ADAAG 309, which makes it difficult for Plaintiff to operate.

    i.    There is no required 18 inches of maneuvering room on the latch side of the door to exit, in violation of ADAAG 404, which makes it difficult for Plaintiff to exit the room without assistance.

    j.    There are an insufficient number of guest rooms with compliant roll-in showers, in violation of ADAAG 222.4, which makes it difficult for the Plaintiff to use the shower.

    k.    Both the hotel guestroom signs and the common area guestroom signs are improperly mounted on the doors, in violation of ADAAG 701, which makes it difficult for Plaintiff to identify accessible elements.

    l.    The threshold at the shower is too high, in violation of ADAAG Standards, which makes it difficult for Plaintiff to enter the shower.

    m.    The room temperature controls are improperly mounted above the maximum height allowed of 48 inches, in violation of ADAAG 308, which was out of the reach of Plaintiff.

    n.    There is no dispersion of accessible guest rooms, and the accessible rooms are not dispersed among the various class of accommodations, in violation of ADAAG 224.5. This condition limited the guest rooms available to Plaintiff.

**Maintenance**

    o.    The accessible features of the facility are not maintained, creating barriers to access for the Plaintiff, as set forth herein, in violation of §28 CFR and §36.211.

12.    All of the foregoing violations are violations of the 2010 Standards for Accessible

4

Design, as well as the 1991 Standards, as promulgated by the U.S. Department of Justice.

13.     The discriminatory violations described in paragraph 12 are not an exclusive list of the Defendant=s ADA violations.  Plaintiff require the inspection of the Defendant=s place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.  The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant=s buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant=s ADA violations, as set forth above.  The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.  In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant=s place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

14.     Defendant has discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. ' 12181 et seq. and 28 CFR 36.302 et seq.  Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

15. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted. Furthermore, the public interest would not be disserved by a permanent injunction. Plaintiff has retained the undersigned counsel and are entitled to recover attorney=s fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. ' 12205 and 28 CFR 36.505.

16. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant=s place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant=s facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant=s facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

17. Notice to Defendant is not required as a result of the Defendant=s failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

18. Defendant's facility is a recognized historical landmark. And because it is a building or facility that was eligible for listing in the National Register of Historic Places under the National Historic Preservation Act (16 U.S.C. 470 et seq.), it must comply to the maximum extent feasible with section 36.405 of the Title III Regulations.

19.     Pursuant to 42 U.S.C. ' 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter the subject hotel to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.  The Order shall further require the Defendant to maintain the required assessable features on an ongoing basis, and to require the institution of a policy that requires Defendant to maintain its accessible features.

**WHEREFORE,** Plaintiff respectfully requests:

a.     The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. ' 12181 et seq.

b.     Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c.     An award of attorney=s fees, costs and litigation expenses pursuant to 42

7

U.S.C. ' 12205.

    d.    Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Respectfully submitted,

Dated: May 15, 2019,

s/Anthony Brady Jr.
Anthony J. Brady, Jr., Esq.
South Carolina Bar No. 7264
1670-9 Springdale Drive – PMB 159
Camden, SC
Tel.  (561) 603-6387
ladbrady@gmail.com
and
John P. Fuller, Esq., *pro hac vice pending*
FL Bar No. 0276487
Fuller, Fuller & Associates, P.A.
12000 Biscayne Blvd., Suite 502
North Miami, FL 33181
Tel. (305) 891-5199
jpf@fullerfuller.com

*Attorneys for Plaintiff MARK FULTZ*

## COMPLIANCE WITH FED. R. CIV. P. 15(a)(2)

**I HEREBY CERTIFY** that in accordance with Fed.R. Civ. P. 15(a)(2), this First Amended Complaint is being filed with the written consent of Defendant's counsel.

Anthony J. Brady, Jr., Esq.

8

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on the ____ day of _____, 2019, the foregoing was filed with the Clerk of Court via the CM/ECF system, which will automatically generate notice to counsel for Defendant, Graham P. Powell, Esq., graham.powell@walltempleton.com, Wall Templeton & Holdrup, P.O. Box 1200, Charleston, SC 29402.

 

Anthony J. Brady, Jr., Esq.
South Carolina Bar No. 7264
1670-9 Springdale Drive – PMB 159
Camden, SC
Tel. (561) 603-6387
ladbrady@gmail.com
Co-Counsel for Plaintiff